**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESTER REYNALDO POZUELO ARRIAZA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos.   15-72484 <br>        14-71557 <br><br> Agency No. A206-034-002 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

   In these consolidated petitions for review, Lester Reynaldo Pozuelo Arriaza,

a native and citizen of Guatemala, petitions for review of the Board of Immigration

Appeals' ("BIA") orders denying his motion to reopen removal proceedings and

dismissing his appeal from an immigration judge's decision denying his

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not err or abuse its discretion in denying Pozuelo Arriaza's motion to reopen based on ineffective assistance of counsel for failure to show prejudice, where Pozuelo Arriaza did not establish that his prior counsel's performance may have affected the outcome of his proceedings. *See Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (to establish prejudice for an ineffective assistance of counsel claim, an alien must demonstrate that counsel's performance may have affected the outcome of the proceedings). We are not persuaded that a presumption of prejudice is required here. *Cf. Santiago-Rodriguez v. Holder*, 657 F.3d 820, 835 (9th Cir. 2011) (proceedings are subject to a presumption of prejudice where an attorney's incompetence prevents an alien from presenting his case altogether). We reject Pozuelo Arriaza's contentions that the BIA engaged in improper fact-finding or applied an incorrect legal standard in its prejudice determination.

Contrary to Pozuelo Arriaza's contentions, the BIA adequately considered his new arguments and evidence, and sufficiently explained its decision. *See*

*Najmabadi*, 597 F.3d at 990 ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks omitted)).

In light of our disposition, we do not reach Pozuelo Arriaza's contentions regarding his prior counsel's alleged ineffectiveness or the timeliness of his motion to reopen. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Pozuelo Arriaza has waived any challenge to the BIA's May 22, 2014, order dismissing his direct appeal. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED.**